UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GLENN GARY,

          Petitioner,

      v.

M.C. KRAMER,

          Respondent.

No. CV-06-2821-FVS

ORDER DENYING CERTIFICATE OF APPEALABILITY

**THIS MATTER** comes before the Court based upon the petitioner's motion for a certificate of appealability. He is representing himself. The respondent is represented by Robert C. Cross.

**BACKGROUND**

Glenn Gary was convicted of the crime of murder in the State of California and sentenced to a term of 25 years to life imprisonment. During 2005, the state Board of Prison Terms rejected Mr. Gary's request for parole. (The Board of Prison Terms has become the Board of Parole Hearings. For ease of reference, both will be referred to hereafter as "the Board.") Mr. Gary challenged the Board's ruling in state courts and, when they refused to grant relief, he filed a petition for a writ of habeas corpus. 28 U.S.C. § 2254. The Court dismissed his petition. He moves the Court to issue a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A).

**RULING**

Under the law of the State of California, a prison inmate who is

ORDER - 1

denied parole may seek judicial review by means of a state habeas petition. *Swarthout v. Cooke*, No. 10-333, --- U.S. ----, 2011 WL 197627, at *1 (U.S.Jan. 24, 2011). California courts uphold the Board's decision as long as there is "some evidence" supporting the Board's determination the inmate is unsuitable for parole because he currently is dangerous. *Id.* (internal punctuation and citations omitted). Until recently, the inmate was entitled to file a § 2254 petition in United States District Court challenging the denial of parole on the ground the state court's decision to uphold the Board was an unreasonable application of the "some evidence" rule or was based on an unreasonable determination of the facts in light of the evidence. *See, e.g., Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir.2010) (internal citations and quotation marks omitted). In *Swarthout*, the Supreme Court sharply restricted federal review of California judicial decisions upholding denial of parole:

> When . . . a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In [*Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979)], we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. . . . "The Constitution," we held, "does not require more."

*Swarthout*, 2011 WL 197627, at *2. Here, there is no evidence the Board failed to provide Mr. Gary with the process which he was due under the Fourteenth Amendment as interpreted by the Supreme Court in

ORDER - 2

*Swarthout*.  Since reasonable jurists would be unable to disagree in that regard, he is not entitled to a COA.

**IT IS HEREBY ORDERED:**

The petitioner's motion for a certificate of appealability (**Ct. Rec. 19**) is **denied.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the petitioner and counsel for the respondent.

**DATED** this ___31st___ day of January, 2011.

                                     s/ Fred Van Sickle
                                          Fred Van Sickle
                             Senior United States District Judge

ORDER - 3